IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC JONES, | : |
| Plaintiff, | : : : |
| v. | : Civil Action No. 21-1114-RGA |
| C/O SWEENY, et al., | : : |
| Defendants. | : : |

Eric Jones, Howard R. Young Correctional Institution, Wilmington, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 7, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

      Plaintiff Eric Jones, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.  (D.I. 1).  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.*  (D.I. 7).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## BACKGROUND

      The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint.  See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Plaintiff alleges he was subjected to excessive force and assault and battery by Defendant C/O Sweeney on April 29, 2019 and that Defendant HRYCI Warden Akinbayo Kolawole failed to discipline or take other action to curb the known pattern of physical abuse by Sweeny.  Plaintiff was released from HRYCI seven days after the incident and, at some point, again incarcerated at HRYCI.

      Plaintiff seeks compensatory and punitive damages.

## SCREENING OF COMPLAINT

      A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  See also 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant).  The Court must accept all factual allegations in a complaint as true and

1

take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

2

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff complains of an act that took place on April 29, 2019. He filed his complaint on July 27, 2021 as determined by the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance*

3

*Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986).  "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'"  *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).  Hence, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

       Plaintiff complains of an act that occurred on April 29, 2019.  Realizing that the Complaint was not timely filed, Plaintiff asks the Court to excuse the late filing. Plaintiff explains that he was released from HRYCI seven days after the incident; that is May 5, 2019.  Following his release, he "went to many attorneys to receive legal counsel" and found one who would take the case, but he did not have money at the time to pay the attorney.  He explains that when he had the money to pay an attorney, COVID-19 shut down everything, he had to use the money to pay a bill, and then had no money and no way to pay for an attorney.  He states that upon his re-incarceration the prison law library was shut down and, as of July 5, 2021, all things were open.  He filed his complaint about three weeks later.

       Plaintiff provides no basis for the Court to toll the two-year limitation period. Under federal law, equitable tolling is appropriate in three general scenarios:  (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely

4

manner but has done so in the wrong forum.  *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

Plaintiff seems to assert that he was prevented from timely filing his complaint as a result of extraordinary circumstances.  It is apparent that Plaintiff was aware of the incident when it occurred on April 29, 2019 given that he sought an attorney to represent him upon his release from prison.  The fact that Plaintiff did not have the funds to pay for an attorney does not excuse the late filing and is not an extraordinary circumstance.  Plaintiff could have timely filed a *pro se* complaint just as he eventually did, albeit too late.  Plaintiff provides no basis to toll the limitation period.

Plaintiff did not file his Complaint until July 27, 2021, some three months after the expiration of the limitation period.  It is evident from the face of the Complaint that Plaintiff's claims are barred by the two year limitation period.  Therefore, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  Amendment is futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  The Court finds amendment futile.

An appropriate Order will be entered.